[No. 30113. Department One. May 29, 1947.]

THE STATE OF WASHINGTON, *Appellant,* v. THE PACIFIC TELEPHONE AND TELEGRAPH COMPANY, *Respondent.*[1]

[1]Reported in 181 P. (2d) 637.

The Attorney General, Clifford O. Moe and Smithmoore P. Myers, Assistants, for appellant.

McMicken, Rupp & Schweppe and John N. Rupp, for respondent.

ABEL, J.—The proceedings leading up to this controversy started in 1938, when defendant filed three tariffs with the department of public service for changes and increases in certain toll and exchange rates. The department promptly suspended these tariffs and assigned them for hearing. In March, 1939, the department instituted a general investigation of all of defendant's rates and practices in the state. These matters were consolidated. In May, 1939, defendant filed with the department a fourth tariff changing and increasing certain rates. This tariff was likewise suspended and consolidated with the other causes. The investigation and hearings in this consolidated proceeding continued until July 6, 1940, when the department entered an order in the consolidated proceedings permanently suspending defendant's four tariffs, and, on August 2nd, defendant instituted proceedings in the superior court for Thurston county to review this order.

The department made a second order in the consolidated proceedings on October 31, 1940, in which defendant was directed to make certain changes in its rates and to pass on to its subscribers, in any city imposing an occupational tax, the amount of that tax. Defendant brought proceedings to review this order, and several cities also instituted a proceeding to review that part of the order having to do with an occupational tax.

On December 17, 1940, the department entered a third order in the consolidated proceedings, in which it prescribed a new schedule of exchange rates for defendant. Defendant then instituted proceedings in the superior court to review this order, and fifteen cities likewise sought to review parts of the order.

All of these proceedings were consolidated and heard by the superior court, where an order was entered reversing the department's orders. The department appealed to this court, and the Telephone Users League of Washington, Inc., took a separate appeal. Fifteen cities of this state took a cross-appeal from parts of the order. These appeals were consolidated, and the decision of this court was rendered in *State ex rel. Pacific Tel. & Tel. Co. v. Department of Public Service,* 19 Wn. (2d) 200, 142 P. (2d) 498.

Defendant paid all expenses of the department's investigation until the time when proceedings were instituted in the superior court of Thurston county. However, defendant refused to pay any expenses incurred in the court proceedings, and the attorney general brought this suit to recover from defendant the attorneys' fees and other expenses in connection with the court proceedings. The trial court ruled against the state, and this appeal followed.

Chapter 203, p. 713, Laws of 1939 (Rem. Rev. Stat. (Sup.), § 10458-6 [P.P.C. § 828-73] *et seq.*), has to do with expenses of the department of public service and provides the means by which the department recoups moneys expended by it in the investigation of a public utility. It reads, in part, as follows:

"(a) Whenever the Department in any proceeding upon its own motion or upon complaint shall deem it necessary in order to carry out the duties imposed upon it by law to investigate the books, accounts, practices and activities of, or make any valuation or appraisal of the property of any public service company, or to investigate or appraise any phase of its operations, or to render any engineering or accounting service to or in connection with any public service company, and the cost thereof to the Department exceeds in amount the ordinary regulatory fees paid by such public service company during the preceding calendar year or estimated to be paid during the current year, whichever is more, such public service company shall pay the expenses reasonably attributable and allocable to such investigation, valuation, appraisal or services. . . ."

Two cases are cited by both sides to this controversy, *Washington R. & Electric Co. v. District of Columbia,* 64

App. D. C. 243, 77 F. (2d) 366, and *Southern Bell Tel. & Tel. Co. v. Louisiana Public Service Comm.,* 15 F. Supp. 1057.

The case of *Washington R. & Electric Co. v. District of Columbia, supra,* is not in point because, in that case, the statute provided:

" 'The expenses of any investigation, valuation, revaluation, *or proceeding of any nature* . . . shall be borne by the public utility.' " (Italics ours.)

In the case of *Southern Bell Tel. & Tel. Co. v. Louisiana Public Service Comm., supra,* the Louisiana public service commission was endeavoring to recover expenses incurred in a court proceeding. The Louisiana statute provided that, whenever the commission made an examination of the affairs of a public service company for the purpose of regulating its rates or services, all expenses incurred should be paid by the corporation examined. The Federal court held that the statute was unconstitutional on three separate grounds, one of them being stated as follows:

"The constitutional invalidity of the orders in controversy should be decreed for the further reason that the uncontroverted facts show that said demand for payment is for work which was not done for the purpose of being used in any investigation being made by the commission in proceedings pending before it, but was in fact done, if done at all, for the purpose of aiding the commission in sustaining in court an order already entered after investigation reducing the rates of plaintiff; that the amount demanded is unreasonable and excessive and includes sums to be paid for the benefit of others than the accountants and experts employed by the commission and includes sums greater than are to be actually received by the accountants and experts who have done the actual work involved."

The solution of the problem in the instant case must, necessarily, be made from an interpretation of chapter 203, Laws of 1939, heretofore quoted. This being a taxing statute, the rule to be followed in interpreting it is stated in 3 Sutherland on Statutory Construction (3d ed.) 293, § 6701:

"While the power to tax, and the exercise of that power is indispensable to the effective operation of government, the rule has become firmly established that tax laws are to

be strictly construed against the state and in favor of the taxpayer. Therefore, where there is reasonable doubt as to the meaning of a revenue statute it should be resolved in favor of those taxed."

█ It is quite apparent that the legislature meant to require the public utility to pay the expenses of the *department of public service* in its investigation, valuation, appraisal, or services. The department has complete jurisdiction of its investigations. It hires its investigators, conducts hearings, and, finally, makes its determination concerning the inquiry. The attorney general of the state has no authority or supervision over the department's proceedings whatsoever.

On the other hand, when the department is taken into court, then the attorney general has complete authority for the handling of the case. He employs the attorneys and supervises the conduct of all proceedings in the court.

The above-mentioned section of the code (Rem. Rev. Stat. (Sup.), § 10458-6a [P.P.C. § 828-75]) relates to the expenses of an investigation made by the department of public service, while the question under consideration is the costs of defending the department in certain court proceedings which resulted from the department's orders. The court proceedings are controlled by Rem. Rev. Stat. (Sup.), § 10428 [P.P.C. § 428-23], which is a part of Laws of 1937, chapter 169, p. 645. This section amended Laws of 1911, chapter 117, p. 596, § 86, and, for the purposes of this inquiry, the material change made by the legislature was this added sentence:

"The reasonable cost of preparing the transcript of testimony taken before the department shall be assessable as part of the statutory court costs, and the amount thereof, if collected by the department, shall be deposited in the public service revolving fund. . . ."

This is the only reference made to costs of the department in a court proceeding. It is evident, therefore, that, in 1939, when the legislature passed chapter 203, it specifically failed to mention expenses incurred when the

department was taken into court; on the contrary, the legislature left in full force and effect Rem. Rev. Stat. (Sup.), § 10428, which provided for the department recovering the reasonable cost of preparing the transcript of testimony.

The statute is clear and specific. It states which expenses the department can require the public utility to pay. The judicial proceedings in the courts of this state are entirely distinct and separate from the investigations, valuations, appraisals, or services of the department of public service. In the event the legislature had intended that legal fees and other expenses of the attorney general's office should be paid by a utility under investigation by the department, then the legislature would have so stated. Not having done so, such expenses cannot be recovered from the utility.

The judgment is affirmed.

MALLERY, C. J., MILLARD, SIMPSON, and HILL, JJ., concur.

[1]Reported in 181 P. (2d) 636.